IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEVE WARD and FRANCIS TRESSA, Individually and on behalf of all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>CAREFUSION SOLUTIONS, LLC,<br><br>Defendant. | Civil Action No. |

**NOTICE OF REMOVAL**

Defendant CareFusion Solutions, LLC ("CareFusion"), appearing solely for the purposes of filing this removal, and reserving all rights, defenses, objections, and claims, removes this action under 28 U.S.C. §§ 1441 and 1446. This Notice is based upon the original jurisdiction of this Court over the parties under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d). In support of this Notice, CareFusion states as follows:

**I.   THIS COURT HAS SUBJECT MATTER JURISDICTION**

1.   This Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members, in the aggregate, exceeds the sum or

value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. *See Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 149 (3d Cir. 2009).

2. This Court has jurisdiction over this case under CAFA, 28 U.S.C. § 1332(d), and the case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil class action in which (1) the putative class contains at least 100 members; (2) CareFusion is not a state, state official, or other governmental entity; (3) the total amount in controversy for all putative class members exceeds $5,000,000, exclusive of interest and costs; and (4) there is diversity between at least one putative class member and CareFusion.

3. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which the defendant is not a citizen. 28 U.S.C. §§ 1332(d)(2)(A), 1453; *Mississippi ex rel Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014).

4. As set forth in detail below, this case meets all of CAFA's requirements for removal and is timely and properly removed by filing of this Notice.

## II. VENUE IS PROPER IN THIS COURT

5. The action was filed in Superior Court for the State of Delaware. Venue is proper in this Court under 28 U.S.C. §§ 1391, 1441(a), and 1446 because

the United States District Court for the District of Delaware is the federal district embracing the Superior Court for the State of Delaware.

### III. THE PARTIES AND THE CLAIMS

6. Defendant is a medical-technology company specializing in the development of patient safety-focused medical devices, including infusion pumps and automated medication administration cabinets. (Compl., ¶ 1). Defendant sells, leases, and licenses such devices to hospitals and medical facilities throughout the United States. (Compl., ¶ 11). To provide maintenance and repair services for that equipment, Defendant contracts with affiliates. (Compl., ¶¶ 13, 14, 16).

7. CareFusion is a Delaware Limited Liability Company which maintains its principal place of business in California. (Compl., ¶ 8); (Decl. of Ed Potts, ¶¶ 4,5).

8. Plaintiffs Steve Ward and Francis Tressa contracted with CareFusion to perform work as affiliates. (Compl., ¶¶ 9, 10).

9. Plaintiff Francis Tressa is a resident of Pringle, Pennsylvania. (Compl., ¶ 10).

10. The Complaint alleges CareFusion misclassified Plaintiffs and other affiliates as independent contractors pursuant to "the California Labor Code and/or, in the alternative, other applicable labor codes with respect to affiliates." (Compl., ¶ 23). Plaintiffs assert CareFusion was unjustly enriched by the purported

3

retention of such business expenses and overtime compensation, and seek to bring their claim on a class-wide basis pursuant to Del. Super. Ct. R. Civ. P. 23 (Compl., ¶ 52).

## IV.   THIS CASE MEETS CAFA'S REMOVAL REQUIREMENTS

### A.   The Putative Class Contains At Least 100 Members

11.   CAFA provides this Court with jurisdiction over a class action when "the number of members of all proposed plaintiff classes in the aggregate [is not] less than 100." 28 U.S.C. §1332(d)(5)(B). CAFA defines "class members" as those "persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. §1332(d)(1)(D).

12.   While CareFusion denies that Plaintiffs were "employees" as stated in Plaintiffs' proposed class definition, Plaintiffs seek to represent "all current and former field service technician affiliates employed by Defendant at any time during the three years preceding the filing of this Complaint." (Compl., ¶ 52).

13.   Plaintiffs assert the putative class consists of at least one hundred persons. (Compl., ¶ 55). Defendant is entitled to rely upon "this fact as an admission in favor of jurisdiction." *See Judon v. Travelers Property Cas. Co. of America*, 773 F. 3d 495, 505 (3d Cir. 2014). Accordingly, the alleged putative class contains at least 100 members and this element is satisfied for purposes of removal under CAFA.

### B. CareFusion is Not a Governmental Entity

14. CareFusion is a limited liability company organized under the laws of the State of Delaware, and maintains its principal place of business in San Diego, California. CareFusion is not a state, state official, or other governmental entity.

### C. Diversity of Citizenship Exists

15. The diversity of citizenship statute provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States…." 28 U.S.C. §1332(a). Only minimal diversity is required under CAFA, and as such, CAFA diversity jurisdiction exists if "any member of a class of plaintiffs is a citizen of a State different from *any* defendant." 28 U.S.C. § 1332(d)(2)(A) (emphasis added); *Mississippi ex rel Hood v. AU Optronics Corp.*, 571 U.S. 161. 165 (2014).

16. Under CAFA, a limited liability company, such as Defendant CareFusion, is treated as an "unincorporated association." *See Coleman v. Chase Home Finance, LLC*, 2009 WL 1323598, at *2 (D. N.J. May 11, 2009). The "citizenship" of an "unincorporated association" is based on the state in which it was organized and where it maintains its principal place of business. *Id*. at *1; 28 U.S.C. § 1332(d)(10); *See also Abraham v. St. Croix Renaissance Grp.,*

5

*L.L.L.P.*, 2012 WL 6098502, at *1 (D. V.I. Dec. 7, 2012), *aff'd sub nom. Abraham v. St. Croix Renaissance Grp., L.L.L.P.*, 719 F.3d 270 (3d Cir. 2013)[1].

17. A corporation's principal place of business is defined as the place "where a corporation's officers direct, control, and coordinate the corporation's activities," and "refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities, i.e., its 'nerve center," which will typically be found at its corporate headquarters." *Hertz Corp. v. Friend*, 130 U.S. 1181, 1192-93 (2010).

18. As addressed above, CareFusion is a citizen of the State of California. (Compl., ¶ 8); (Decl. of Ed Potts, ¶¶ 4, 5). Most of the company-wide decisions relating to Defendant are made from San Diego, California. (Decl. of Ed Potts, ¶ 6). Therefore, the "nerve center" and, thus, the principal place of business of CareFusion is located in San Diego, California. *E.g. Hertz*, 130 U.S at 1192.

19. Plaintiff Tressa is not only a resident of Pennsylvania, but he is also a citizen of Pennsylvania and is domiciled there. (Compl., ¶ 10). "The place where a man lives is properly taken to be his domicile until facts adduced establish to the

---

[1] "Preliminarily, we note that under CAFA, the requirement of complete diversity has been relaxed. Only one plaintiff and one defendant must be of diverse citizenship. In addition, for purposes of CAFA, the citizenship of an unincorporated association is determined like that of a corporation. We need only consider the state in which the unincorporated association was organized and where it has its principal place of business. We do not equate its citizenship, for present purposes, with the citizenship of each of its partners or members." *Abraham v. St. Croix Renaissance Grp., L.L.L.P.*, 2012 WL 6098502, at *1 (D.V.I. Dec. 7, 2012), *aff'd sub nom. Abraham v. St. Croix Renaissance Grp., L.L.L.P*, 719 F.3d 270 (3d Cir. 2013)(citing *Carden v. Arkoma Assoc.*, 949 U.S. 185 (1990); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.2d 412 (3d Cir. 2010); *Swiger v. Allegheny Energy, Inc.*, 540 F.3d 179 (3d Cir. 2008)).

contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455, 62 S.Ct. 303, 86 L.Ed. 329 (1941).

20. Since April 14, 1980 to present, Plaintiff Tressa has been the CEO and owner of Raymond Electronic Service, located at 42 Cooper Street, Kingston, Pennsylvania. (*See* Business Profile Record and Executive Profile Record attached hereto as **Exhibit A**). A report similar to Exhibit A further indicates Plaintiff Tressa lives at 42 Cooper Street, Kingston, Pennsylvania, and has in fact lived there from 1996 to present. (*See* Accurint Report attached hereto as **Exhibit B**). Plaintiff Tressa's personal and professional roots in Pennsylvania span more than two decades and the facts adduced indicate his intent to remain there indefinitely. As such, Plaintiff Tressa is not just a mere resident of Pennsylvania; he is a citizen of Pennsylvania for purposes of satisfying CAFA's diversity requirements.

21. The proposed class is defined to include "all current and former field service technician affiliates employed by Defendant" without geographical restrictions. (Compl., ¶¶ 52, 55).

22. Minimal diversity exists between CareFusion and Plaintiffs to support removal under CAFA. Defendant CareFusion is formed in Delaware and maintains its principal place of business is in California. Named-plaintiff Tressa is a resident of Pennsylvania. CAFA does not require complete diversity among the parties. *See* 28 U.S.C. §§ 1332(d)(2)(A), (d)(5), (d)(6). CAFA requires only

minimal diversity such that only one plaintiff and only one defendant need be "citizens" of different states so long as there are 100 or more class members and an aggregate amount in controversy of at least $5,000,000, exclusive of interest and costs. *Id*.

23. Because Plaintiffs and CareFusion are citizens of different states, this action meets CAFA's diversity requirements.

**D.     The Amount in Controversy Exceeds $5,000,000**

24. CAFA authorizes the removal of class actions in which the amount in controversy for all class members exceeds $5,000,000 exclusive of interest and costs. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

25. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. §1446(a). The United States Supreme Court in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in section 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id*.

Otherwise, "the defendant's amount in controversy allegation should be accepted" just as plaintiff's amount in controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553. "[N]o antiremoval presumption attends cases invoking CAFA." *Id*. at 554.

26. CareFusion expressly denies any liability for the damages alleged in the Complaint, and further denies the validity and merits of Plaintiffs' claims, the legal theories upon which they are based and the claims for monetary and other relief that flow from them. Nevertheless, and notwithstanding Plaintiffs' failure to allege the total damages claimed, the amount in controversy based on Plaintiffs' allegations exceeds the sum of $5,000,000. While the Complaint does not expressly allege total damages, it does detail business expenses that Plaintiffs, and the putative class members, purportedly incurred for health insurance and benefits and wage taxes. (Compl., ¶ 33). Plaintiffs assert they each "incurred approximately $25,000 in annual expenses." (Compl., ¶ 35).

27. Additionally, Plaintiffs allege they are entitled to overtime compensation for all hours worked in excess of 40 per work week and/or eight hours in a work day. (Compl., ¶¶ 37-38). Plaintiffs purport that their "standard rate" of pay for work performed between 8:00 a.m. and 5:00 p.m. was $60 per hour. (Compl., ¶ 38). While CareFusion denies the veracity of such allegations, it logically follows that any alleged overtime compensation owed to Plaintiffs and

the putative class members would be at least $30.00 per hour applying a half-time overtime methodology, or stated differently, half of their "standard rate," for every hour worked in excess of 40 and/or eight in a work day. In determining the amount in controversy, CareFusion can rely on the named Plaintiffs as an example of damages incurred. *Frederico v. Home Depot*, 507 F.3d 188, 198-199 (3d Cir. 2007).

28. Plaintiffs allege there are in excess of 100 putative class members. (Compl., ¶ 55). The statute of limitations for an unjust enrichment claim is three years. *See Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 336 (D. Del. 2017)(applying Delaware law); *F.D.I.C. v. Dintino*, 167 Cal. App. 4th 333, 348, 84 Cal. Rptr. 3d 38, 50 (2008)(applying three year statute of limitation to unjust enrichment claim pursuant to California Code of Civil Procedure § 338). Conservatively assuming each putative class member was contracted to perform work for only two years, so one year less than the applicable statute of limitations, and using only the amounts alleged in the Complaint for purported unreimbursed business expenses, the total amount in controversy is $5,000,000. ($25,000 x 100 x 2 = $5,000,000).

29. CAFA instructs federal courts to determine whether the amount in controversy of a class action exceeds the $5 million threshold by aggregating the claims of the individual class members. 28 U.S.C. § 1332(d)(6). If the above

calculation is revised to assume each putative class member was contracted to perform work for the full three year statute of limitation, the amount easily exceeds $5,000,000. ($25,000 x 100 x 3 = $7,500,000). Notably, these calculations do not include Plaintiffs' alleged damages for unpaid overtime, which, if included, would only increase the amount in controversy further beyond CAFA's $5,000,000 threshold.

30. Moreover, Plaintiffs also seek attorneys' fees. It is well-settled that attorneys' fees are to be aggregated and considered for purposes of determining the amount in controversy under the CAFA. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007)("Moreover, Plaintiff also seeks attorneys' fees, which can exceed six figures in a class action and are properly aggregated and considered for purposes of determining the amount in controversy under CAFA."); *see also Suber v. Chrysler Corp.,* 104 F.3d 578, 585 (3d Cir.1997) ("Moreover, in calculating the amount in controversy, we must consider potential attorneys' fees."); *Raspa v. Home Depot*, 533 F. Supp. 2d 514, 522 (D.N.J. 2007)("This Court must also consider attorney's fees, which can be significant.").

31. Courts in the Third Circuit have applied a 30% benchmark for attorneys' fees when calculating the amount in controversy. *Frederico*, 507 F.3d at 199 ("Fees could be as much as thirty percent of the judgment."); *See In re Rite Aid Corp. Securities Litigation,* 396 F.3d 294, 303 (3d Cir.2005) (noting study

done by the Federal Judicial Center that found a median percentage recovery range of 27–30% for all class actions resolved or settled over a four-year period). Conservatively assuming the putative class members only contracted to perform work for two years and applying a damages estimate of $25,000 per putative class member, as demonstrated above, the amount in controversy is $5,000,000. However, taking into account attorneys' fees at the benchmark percentage of 30% further increases the amount in controversy by $1,500,000 for a total amount in controversy of $6,500,000. ($5,000,000 x 0.3 = $1,500,000 and $5,000,000 + $1,500,000 = $6,500,000). Again, this amount does not consider Plaintiff's alleged damages related to overtime compensation.

32. A "class action" is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B). Class members are "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action." 28 U.S.C. § 1332(d)(1)(D). Thus, a putative class action, such as the instant case, satisfies CAFA's amount in controversy requirement where (1) the action was filed under Rule 23 or a similar state statute or rule, and (2) the aggregated claims of the putative class members amount to more than $5,000,000. When analyzing the amount in controversy requirement, "Section 1332(d)(6) tells the District Court to determine whether it has jurisdiction by adding up the value of

the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). If after engaging in this analysis, the resulting sum exceeds $5,000,000, the Court has jurisdiction. *Id*.

33. Because the named Plaintiffs and CareFusion are diverse, the putative class contains at least 100 members, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs, this Court has original diversity jurisdiction pursuant to the CAFA.

## V. CAREFUSION SATISIFES THE PROCEDURAL REQUIREMENTS FOR REMOVAL

### A. Status of Process, Pleadings, and Orders

34. Plaintiffs filed a First Amended Complaint (the "Complaint") on April 10, 2018, designated Case Number N17C-10-199 MMJ, in the Superior Court of the State of Delaware. A true and correct copy of the Amended Complaint is included as **Exhibit C**.

35. Service of the Complaint was contemporaneous with the filing of the Complaint on April 10, 2018. Pursuant to 28 U.S.C. § 1441(a), Exhibit C constitutes a copy of "all process, pleadings, and orders served" upon CareFusion. To CareFusion's knowledge, no other further process, pleadings, or orders related to this case have been filed in the Superior Court for the State of Delaware.

### B. Timeliness of Removal

36. An action may be removed from state court by filing a notice of removal, together with a copy of all process, pleadings, and orders served on the defendant, within 30 days of defendant receiving the initial pleading. *See* 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Mitchetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

37. The Amended Complaint is the initial pleading under the revival exception.

38. Removal is proper under the revival exception which recognizes that the right to remove is revived when: (1) an amended complaint "so changes the nature of [the] action as to constitute substantially a new suit," or (2) plaintiff sought to mislead the defendant about the true nature of the suit, thereby dissuading the defendant from removing it, and then, after the time for removal has expired, amending the complaint to assert "true and weighty" federal claims. *See Wilson v. Intercollegiate (Big Ten) Conference Athletic Association,* 668 F.2d 962 (7th Cir. 1982)[2]; *See also Johnson v. Heublein Inc.*, 227 F.3d 236 (5th Cir. 2000);

---

[2] "If a pleading amendment provides a new basis for removal or changes the character of the litigation so as to make it substantially a new suit. This seems quite appropriate since a willingness on the part of the defendant to remain in state court to litigate a particular claim should not be interpreted as a willingness to remain in state court to adjudicate an entirely different claim." § 3731 Procedure for Removal—Time for Seeking Removal, 14C Fed. Prac. & Proc. Juris. § 3731 (4th ed.)

*In re Savers Federal Sav. & Loan Ass'n*, 872 F.2d 963 (11th Cir. 1989). Because the Amended Complaint changes the nature of the action as to constitute a substantially new suit, removal is appropriate and timely.

39. Removal of this action is timely because Notice has been filed within 30 days from April 10, 2018, and within one year of filing of the Amended Complaint. 28 U.S.C. § 1446(b). As such, the thirty-day period for removal ends on May 10, 2018.

### C. Notice to Plaintiffs and State Court

40. Pursuant to 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice, CareFusion has served a copy of this Notice upon Plaintiffs' counsel of record and has filed a copy of this Notice in the Superior Court for the State of Delaware.

41. CareFusion is prepared to submit further evidence supporting this Notice of Removal should Plaintiffs move to remand.

42. CareFusion consents to removal of this action.

43. CareFusion reserves all defenses.

WHEREFORE, Defendant, CareFusion Solutions, LLC, having met all statutory requirements of removal pursuant to the CAFA, hereby removes this action pending against it in the Superior Court for the State of Delaware.

                                    **SAUL EWING ARNSTEIN & LEHR LLP**

                                    */s/ Elizabeth S. Fenton*
                                    Elizabeth S. Fenton (#5563)
                                    Danielle N. Petaja (#6372)
                                    1201 N. Market Street, Suite 2300
                                    Wilmington, DE 19899-1266
                                    (302) 421-6800 (phone)
                                    (302) 421-5871 (facsimile)
                                    Elizabeth.Fenton@saul.com
                                    Danielle.Petaja@saul.com
                                    *Counsel for Defendant*
Dated: May 7, 2018                    *CareFusion Solutions, LLC*

Matthew J. Hank (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
Three Parkway
1401 Cherry Street, Suite 1400
Philadelphia, PA 19102
(267)402-3000 (phone)
mhank@littler.com

Helga P. Spencer (*Pro Hac Vice*)
LITTLER MENDELSON, P.C.
815 Connecticut Avenue NW, Suite 400
Washington, DC 200006-4046
(202)842-3400
hspencer@littler.com